UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
SAMSUNG C&T AMERICA, INC.,

      Plaintiff,    Civil Action No: 12 CV 4292

  - against -        **COMPLAINT**

MARGOLIN SHOES, INC.,

      Defendant

------------------------------------------------------x

  Plaintiff SAMSUNG C&T AMERICA, INC. ("Samsung"), by its attorneys, Jaffe & Asher, LLP, as and for its complaint against defendant MARGOLIN SHOES, INC. ("Margolin"), alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and because the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. This is an action for damages based upon breach of contract.

2. At all relevant times hereinafter mentioned, plaintiff Samsung is and was a corporation organized and existing under the laws of the State of New York, with offices located at 1430 Broadway, 22nd Floor, New York, New York 10018.

3. Upon information and belief, at all relevant times hereinafter mentioned, defendant Margolin was and is a corporation organized and existing under the laws of the State of Illinois, having a place of business at 2701 N. Kildare, Chicago, Illinois 60639.

4. Pursuant to the express terms of the written agreements that are the subject of this action, Samsung and Margolin agreed that any disputes arising out of or relating to the

1

agreements be brought in state or federal court in New York, New York. Pursuant to the agreements, Samsung and Margolin also consented to the exclusive venue and jurisdiction of such court and waived any claims of improper venue or forum non convenience with respect thereto.

## NATURE OF THE CASE

5. Margolin ordered $301,497.00 worth of footwear from Samsung. Samsung filled the orders, delivered the footwear to Margolin, received signed delivery receipts, and invoiced Margolin for the footwear that was delivered. Margolin, however, has refused to pay for a large portion of the footwear totaling $189,934.00. Accordingly, Margolin currently owes Samsung $189,934.00, plus interest.

## THE FACTS

6. Samsung retained Anthony L & S, LLC ("L & S"), a New York corporation, with offices in New York, to market, sell and distribute certain footwear under the brand names "Cadillac" and "Bob Marley."

7. In late August, 2011, L & S participated as an exhibitor in the FN Platform Shoe Show (the "Show") in Las Vegas, Nevada. Among the other footwear that L & S exhibited at the Show, were "Cadillac" and "Bob Marley" branded footwear.

8. At the Show, Margolin, approached L & S about purchasing certain closeout "Cadillac" and "Bob Marley" branded footwear. Before placing an order for the shoes, Margolin requested that L & S provide it with samples of the footwear.

9. In late August 2011, L & S shipped approximately 14 sample pairs of the "Bob Marley" footwear and 7 sample pairs of the "Cadillac" footwear. Notably, only the Pipeline

Chambray and Pipeline Burlap style "Bob Marley" shoes and "Cadillac" shoes were shipped with matching shoeboxes. The remaining sample shoes were shipped without shoeboxes.

10. Satisfied with the samples, Margolin ordered 44,005 pairs of the "Bob Marley" footwear for a total cost of $176,020 and 19,390 pairs of the "Cadillac" footwear for a total cost of $126,035.00. Margolin also agreed to pay directly to the shipping company, all freight charges associated with the delivery of the footwear which totaled $9,414.00 for the "Bob Marley" footwear.

11. On or about mid September, 2011 Samsung shipped the shoes and sent invoices to Margolin for the orders. A summary of the invoices and delivery dates are set forth in the following table:

| Invoice No. | Shoe Brand | Invoice Date | Delivery Date | Amount | Balance Due |
|---|---|---|---|---|---|
| 421986 | Bob Marley | Sept. 8, 2011 | Sept. 13, 2011 | $84.00 | $84.00 |
| 421989 | Bob Marley | Sept. 8, 2011 | Sept. 13, 2011 | $23,648.00 | $23,648.00 |
| 421991 | Bob Marley | Sept. 8, 2011 | Sept. 13, 2011 | $60.00.00 | $60.00 |
| 421992 | Bob Marley | Sept. 8, 2011 | Sept. 13, 2011 | $5,652.00 | $5,652.00 |
| 423138 | Bob Marley | Sept. 16, 2011 | Sept. 22, 2011 | $6,768.00 | $6,768.00 |
| 423141 | Bob Marley | Sept. 8, 2011 | Sept. 14, 2011 | $27,572.00 | $27,572.00 |
| 423145 | Bob Marley | Sept. 8, 2011 | Sept. 13, 2011 | $48.00.00 | $48.00 |
| 423147 | Bob Marley | Sept. 16, 2011 | Sept. 22, 2011 | $4,256.00 | $4,256.00 |
| 423724 | Bob Marley | Sept. 16, 2011 | Sept. 21, 2011 | $94,848.00 | $94,848.00 |
| 423725 | Bob Marley | Sept. 8, 2011 | Sept. 13, 2011 | $13,084.00 | $13,084.00 |
| 421987 | Cadillac | Sept. 13, 2011 | Sept. 19, 2011 | $112,866.00 | $4,500.00 |
| 421988 | Cadillac | Sept. 8, 2011 | Sept. 13, 2011 | $10,205.00 | $9,414.00 |
| 426510 | Cadillac | Sept. 13, 2011 | Sept. 19, 2011 | $546.00 | $0.00 |
| 426513 | Cadillac | Sept. 13, 2011 | Sept. 19, 2011 | $2,418.00 | $0.00 |
| | | | TOTAL: | $301,497.00 | $189,934.00 |

12. Each invoice contained the same terms and conditions. Among them is a requirement that any claims for shortages, defective or damaged shoes must be made in writing

by Margolin within 15 days of delivery of the shoes. In particular, Paragraph 10 (B) of the invoices' terms and conditions provides that:

> All claims for shortages, defective or damaged Goods must be made in writing within *15 days* after receipt of delivery, and prior to any modification to the Goods, or such claims shall be deemed waived. (*Emphasis added*)

13. The invoices also provide that Margolin is required to pay for any return shipping costs associated with any alleged non-conforming shoes. In this regard, Paragraph 10 (C) provides:

> Buyer shall be responsible for all shipping costs incurred in returning any allegedly non-confirming goods.

14. Finally, the invoices provide that where the shoes sold are non-conforming, Samsung is only responsible to replace the non-conforming shoes or give Margolin a pro rata credit. In this regard, Paragraph 10 (D) states:

> Seller's sole and exclusive liability under any claim shall be to replace or, at Seller's option to give Buyer a pro rata credit for any part of the goods paid for by Buyer which fail to conform to the description hereof as determined by the seller…

15. The "Cadillac" shoes were delivered to Margolin on September 13, 2011 and September 19, 2011 and the "Bob Marley" shoes were delivered to Margolin on September 13, 2011, September 14, 2011, September 21, 2011 and September 22, 2011. At each delivery, Margolin acknowledged the delivery of the shoes on the bill of landing.

16. Margolin retained all of the shoes for several weeks and subsequently notified L & S that it no longer wanted any of the 44,005 pairs of "Bob Marley" shoes because <u>some</u> of the shoes did not include matching shoeboxes. Notably, the shoes that were not shipped in shoeboxes were the very same styles that did not come in boxes when L & S sent samples to Margolin.

17.     Despite having no obligaton to do so, L & S and Samsung offered to supply Margolin, free of charge, generic shoeboxes for all shoes that did not already come with boxes. Margolin rejected the offer and again improperly demanded that Samsung: (i) accept the return of all "Bob Marley" shoes; (ii) not charge Margolin for the "Bob Marley" shoes;  and (iii) reimburse Margolin for all freight cost associated with the "Bob Marley" shoes that Margolin had paid.  Samsung refused this improper demand because the "Bob Marley" shoes that were shipped without a box were not supposed have a matching shoebox and no representation was ever made that any of the "Bob Marley" shoes would be shipped with shoeboxes.

18.     In early November, 2011, Margolin tendered payment for the "Cadillac" brand shoes but improperly deducted therefrom $13,914.00 comprised of $4,500 for purported "storage charges" of the "Bob Marley" shoes and $9,414.00 for freight charges Margolin allegedly paid directly to the shipping  company for the delivery of the "Bob Marley" shoes.

19.     To date, Margolin has failed and refused to pay the $189,934.00 balance due and owing to Samsung under for both the "Cadillac" and "Bob Marley" brand shoes even though all of the "Cadilac" shoes and some of the "Bob Marley" shoes came with boxes.

## AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

20.     Samsung repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this complaint with the same force and effect as if set forth fully at length herein.

21.     Margolin entered into a contract with Samsung pursuant to which Margolin ordered footwear from Samsung.  Samsung delivered the footwear to Margolin in exchange for Margolin's agreement to pay a pre-determined price for the footwear.  Samsung then duly invoiced Margolin for the footwear.

22.     Samsung has complied with all of its obligations under its contract with Margolin.

23. After due delivery and acceptance of the shoes, Margolin refused to pay for the footwear in question despite repeated demands by Samsung for payment.

24. Margolin' refusal to pay in full for the footwear in question was wrongful and without justification.

25. The amount that Margolin wrongly refuses to pay is $189,934.00.

26. Samsung has been injured by Margolin' breach of contract in the amount of $189,934.00, plus interest.

27. By reason of the foregoing, Samsung is entitled to judgment against Margolin for $189,934, plus pre-judgment interest.

## AS AND FOR A SECOND CAUSE OF ACTION
(Account Stated)

28. Samsung repeats and realleges each and every allegation contained in paragraphs 1 through 27 of this complaint with the same force and effect as if set forth fully at length herein.

29. Samsung delivered footwear to Margolin, on which a balance remains due and owing to Samsung of $189,934.00, plus interest.

30. In September 2011, Samsung sent statements of the amount owed by Margolin to Samsung, in the form of invoices specifying the nature of the goods delivered, the amount of goods delivered and the price of goods delivered and demanding payment for such goods.

31. Margolin accepted the invoices and waited a significant amount of time to improperly allege that the footwear delivered by Samsung was non-conforming.

32. By reason of the foregoing, an account has been stated whereby Margolin is indebted to Samsung in the amount of $189,934.00, plus interest.

33. By reason of the foregoing, Samsung is entitled to judgment against Margolin for $189,934.00, plus pre-judgment interest.

## AS AND FOR A THIRD CAUSE OF ACTION
(Goods Sold and Delivered)

34. Samsung repeats and realleges each and every allegation contained in paragraphs 1 through 33 of this complaint with the same force and effect as if set forth fully at length herein.

35. Samsung delivered to Margolin footwear with an agreed aggregate price of $301,497.00.

36. Margolin accepted delivery of the footwear, and signed delivery receipts to acknowledge Samsung' delivery of the footwear.

37. Margolin only alleged that a portion of the "Bob Marley" shoes were non-conforming and did so well after the parties' contract permitted them to do so.

38. Margolin has not paid the balance of $189,934.00 that it owes for the goods sold and delivered to it by Samsung.

39. By reason of the foregoing, Samsung is entitled to judgment against Margolin for $189,934.00, plus pre-judgment interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Quantum Meruit/Unjust Enrichment)

40. Samsung repeats and realleges each and every allegation contained in paragraphs 1 through 39 of this complaint with the same force and effect as if set forth fully at length herein.

41. The fair and reasonable value of the goods sold and delivered by Samsung to Margolin and accepted by Margolin, for which payment has not been made, is $189,934.00.

42. Margolin accepted the footwear provided by Samsung and has retained all of the benefits thereof without payment to Samsung.

43. Margolin has been unjustly enriched at Samsung' expense for the footwear that Samsung delivered to Margolin at Margolin's request and for which Margolin has refused to pay in full.

44. Margolin has no justification for refusing to compensate Samsung in full for the goods that were delivered to it.

45. Samsung has been injured by Margolin's unjust enrichment in the amount of not less than $189,934.00.

46. By reason of the foregoing, Samsung is entitled to judgment against Margolin for $189,934.00, plus pre-judgment interest.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Attorneys' Fees)

47. Samsung repeats and realleges each and every allegation contained in paragraphs 1 through 46 of this complaint with the same force and effect as if set forth fully at length herein.

48. Pursuant to the applicable provisions of the terms and conditions of the invoices sent to Margolin, Margolin is liable to Samsung for all of the costs of collection, including reasonable attorneys fees, of the overdue amounts sought herein.

49. In this regard, paragraph 4 of the terms and conditions of the invoices sent to Margolin provides that:

> In the event that payment for the Goods is not made when due, without prejudice to any other rights and remedies of Seller Buyer agrees that it shall be liable to pay Seller:... (ii) Seller's costs of collection of such overdue amounts including reasonable attorney's fees.

50. Samsung has incurred and will continue to incur attorneys' fees, costs and expenses in collecting the overdue amounts sought herein. Samsung is entitled to a money judgment against Margolin for all of the attorneys' fees, costs and expenses i in collecting the overdue amounts sought herein.

51. By reason of the foregoing, Samsung is entitled to a money judgment against Margolin, in an amount to be determined by the Court

**WHEREFORE**, plaintiff Samsung requests judgment as follows against the defendant Margolin:

a. On the first cause of action, awarding Samsung a money judgment against Margolin in the amount of $189,934.00 plus pre-judgment interest;

b. on the second cause of action, awarding Samsung a money judgment against Margolin in the amount of $189,934.00 plus pre-judgment interest;

c. on the third cause of action, awarding Samsung a money judgment against Margolin in the amount of $189,934.00 plus pre-judgment interest;

d. on the fourth cause of action, awarding Samsung a money judgment against Margolin in the amount of $189,934.00 plus pre-judgment interest;

e. on the fifth cause of action, awarding Samsung a money judgment against Margolin in an amount to be determined by the Court; and

f. granting Samsung such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        May 31, 2012

JAFEE & ASHER LLP

By  *(signature)*
Ira N. Glauber (ING 8383)
Bension D. De Funis (BD 3718)
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000
*Attorneys for Plaintiff*
*Samsung C&T America, Inc.*