UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------X

SAMSUNG C&T AMERICA, INC.,
                    Plaintiff,

-against-

MARGOLIN SHOES, INC.,
                    Defendant.

---------------------------------X

Civil Action No. 12 CV4292

DEFENDANT'S FIRST SET OF
INTERROGATORIES

PROPOUNDING PARTIES: Margolin Shoes, Inc.

RESPONDING PARTIES:    Samsung C&T America, Inc.

SET NUMBER:        One

DEFENDANT, by its attorney, pursuant to Rule 33 of the Federal Rules of Civil

Procedure, hereby requests that Samsung C&T America, Inc., as defined herein, answer, in

writing and under oath, each of the following interrogatories set forth herein within thirty (30)

days of service.

## DEFINITIONS

1.      The definitions and instructions as set forth in Rule 26.3 of the Local Rules of the United

States District Court for the Southern District of New York are adopted and treated as if

fully set forth herein.  As used herein, the words and phrases set forth below shall have

the following meanings prescribed for them:

2.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of

this term in Fed. R. Civ. P.34(a), including, without limitation, electronic or

computerized data compilations.  A draft or non-identical copy is a separate document

within the meaning of this term.

1

3.    "You", "your" and "your company" refer to the Samsung C&T America, Inc. entity responding to these interrogatories, its predecessors and successors in interest, its present and former directors, officers, employees, attorneys, agents, other representatives and all other persons acting or purporting to act under its control or on its behalf and, where applicable, its present and former parents, subsidiaries and affiliates.

4.    "Samsung" shall mean defendant "Samsung C&T America, Inc.", its divisions, subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

5.    "Plaintiff" and "Samsung" as well as a party's full or abbreviated name or a pronoun referring to a party, refer to the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.    "Concerning" means referring to, relating to, describing, evidencing or constituting.

7.    "Person" or "persons" refers to any natural person or any business, legal or government entity or association.

8.    When referring to a person, "to identify" means to state, to the extent known, the person's full name, present or last known address and, when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9.    When referring to documents, "to identify" means to state, to the extent known: (a) the

2

type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) the author(s), addressee(s) and recipient(s) of the document.

10. The following rules of construction apply to all discovery requests:

    (a) the terms "all" and "each" shall be construed as "all and each";

    (b) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

    (c) the use of the singular form of any word includes the plural and vice versa;

    (d) the term "including" shall be construed as "including, without limitation"; and

    (e) "his" includes his, hers or its, and "he" includes she.

## INSTRUCTIONS

1. You are required to make a separate and complete response to each interrogatory and to each subdivision of any interrogatory having more than one part.

2. This First Set of Interrogatories requires you to provide responsive information in your possession, custody or control, or in the possession, custody or control of any of your agents, representatives, servants, employees, accountants or attorneys, wherever such information might be found.

3. Each interrogatory should be read so as not to seek information subject to an evidentiary privilege or immunity from discovery, if necessary to permit providing information otherwise responsive to the request. To the extent that in interrogatory calls for the disclosure of information subject to a privilege or immunity from discovery, the written response to that interrogatory should so indicate, but you should disclose the balance of

3

the information not subject to a claim of privilege, which falls within the scope of the interrogatory.

4. If you cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry and secure the information necessary to do so, so state, and answer each such interrogatory to the full extent you deem possible; specify the portion of such interrogatory that you contend you are unable to answer fully and completely and the facts on which you rely to support said contention; and state the full extent of your knowledge, information and belief concerning the unanswered portion of each such interrogatory.

5. Pursuant to Local Rule 26.2, if you withhold any information requested herein on grounds of privilege, work-product or otherwise:

(a) The attorney asserting the privilege shall identify the nature of the privilege which is being claimed, and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(b) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(i) For documents: (a) the type of document, e.g. letter or memorandum; (b) the subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees and recipients to each other; and

4

(ii)   For oral communications: (a) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (b) the date and place of the communication; and (c) the general subject matter of the communication.

This information must be furnished in writing at the time of the response to these interrogatories, unless otherwise ordered by the court.

6.   You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Fed. R. Civ. P.26(e).

## INTERROGATORIES

1.   State the name(s), business address(es) and job title(s) or capacity(ies) of the employee(es) or agent(s) answering or providing any information used to answer each interrogatory.

2.   Provide the names, addresses, phone numbers, and email addresses of all witnesses and individuals with knowledge of any fact relevant to the subject matter of this action, including the names of all Samsung officers and employees with knowledge of same.

3.   Provide the names, addresses, phone numbers, and email addresses of all Samsung directors, officers and employees with knowledge of information pertaining to the litigation entitled Samsung C&T America, Inc. vs. Margolin Shoes, Inc. (Civil Action No. 12 CV4292).

4.   Do you intend to call any person as an expert witness at the time of trial in this action? If so, state:

a.   The name and address of such expert witness;

b.   The education background of any such expert witness, stating the name of any college or school attended, and any academic degrees received by such person.

c.   The full employment history of such expert, stating the name and address of each such employer, places of employment, and names of each supervisor and period of such employment;

d.   Any teaching or educational experience of such person;

e.   The names of any professional societies or organizations in which the expert claims membership or affiliation;

f.   The names, dates, publisher, and any other identifying characteristics of any articles, books, texts, or similar material authored by such person;

g.   Any other qualifications of such person;

h.   The specific subject matter upon which the expert is expected to testify;

i.   The substance of the facts to which any such expert is expected to testify;

j.   The substance of the opinion to which any such expert is expected to testify;

k.   A specific summary of the grounds for each opinion to which the expert is expected to testify including, specifically, any documents, textbooks or other treatises to which the expert will refer or upon which his or her opinion will be based in whole or in part;

l.   Whether such expert has written any reports as to his or her opinions.  If so, annex a true copy of each report;

m.   State whether such expert rendered any oral report as to his or her opinions.  If so,

6

set forth in detail the contents thereof;

n.      Identify all documents and all other materials received or relied upon by each such

expert witness in forming the opinions contained in his or her oral written report.

5.    Were any business transactions ever conducted between Plaintiff and Defendant prior to

the matter in controversy in this litigation?

6.    If yes, please set forth:

(a) each and every transaction, including copies of purchase orders orders and invoices;

(b) who acted on behalf of Plaintiff;

(c) who acted on behalf of Defendant;

(d) dates of each transaction;

(e) quantity and price of merchandise sold;

(f) terms and conditions of the sale;

(g) the specific packaging provided by Plaintiff for the goods which were sold, with a

specific focus on whether the pairs of shoes were packaged in boxes containing brand

name, price, and size information, or whether they were packaged in generic poly bags;

(h) whether any of these shipments from Plaintiff to Defendant were ever rejected by

Defendant;

(i) if any shipments were rejected by Defendant, set forth whether the returns were

accepted by Plaintiff;

7.    At the FN Platform Shoe Show held in Las Vegas in August of 2011 where the

controversy herein arose (hereinafter "the Las Vegas show in 2011") who attended on

behalf of Plaintiff?  Please provide names and addresses of all attendees who were

employed by Plaintiff.

8. What is the relationship between Anthony L & S, LLC ("L&S") and Plaintiff?

9. Does Plaintiff own any part of L&S?

10. Does L&S own any part of Plaintiff?

11. At the Las Vegas show in 2011, where in the exhibit hall was Plaintiff's booth located?

12. At the booth at the Las Vegas show in 2011, were any goods displayed on peg boards?

13. If there were peg boards, please annex to your answer any photographs of the booth.

14. Who on behalf of Plaintiff can testify as to the existence of peg boards at the Las Vegas show?

15. Attach to your answer a copy of all invoices sent by Plaintiff to Defendant for any merchandise ordered at the Las Vegas show in 2011.

16. As to Plaintiff's allegation in the Complaint regarding Plaintiff's return policy and Defendant's purported obligation to pay attorneys fees, set forth with particularity all documents in which this language is found.

17. Set forth with particularity the basis of Plaintiff's allegation that Defendant had knowledge of Plaintiff's purported policy regarding returns and attorneys fees.

18. At any time after the Las Vegas show in 2011, did anyone acting on behalf of Plaintiff offer to accept the goods sold to Defendant as a return?  If yes, who on behalf of Plaintiff, and what was the sum and substance of any conversations between the parties regarding a return?  If there exists any writing, please attach a copy of this writing to your answer.

19. At anytime after the Las Vegas show in 2011, did any person on behalf of Plaintiff offer to send boxes to Defendant?  If yes, who on behalf of Plaintiff made this offer?  If orally,

set forth the sum and substance of this conversation.  If there exists any writing, please

attach a copy of this writing to your answer.

20.     Exhibit "A" annexed to Plaintiff's Reply To Counterclaims, contains a document

purportedly produced by Plaintiff:

(a) when was the document first produced?

(b) was this document ever shown or sent to Defendant by Plaintiff?

(c) if it was shown or sent by Plaintiff to Defendant, set forth the dates it was shown or

sent to Defendant, and the method of transmission;

(d) what proof can Plaintiff adduce that Defendant, at any time, actually saw the

document labeled at Exhibit "A"?

Dated: New York, New York
       October 22, 2012

Law Office of Milton D. Ottensoser

Milton D. Ottensoser, Esq. (MO-0985)
*Attorney for Defendant Margolin Shoes, Inc.*
275 Madison Avenue, 10th Floor
New York, New York 10016
Tel (212) 481-7500

TO:

JAFFE & ASHER, LLP
By: Bension D. De Funis (BD 3718)
Attorneys for Plaintiff
600 Third Avenue, 9th Floor
New York, New York 10016
Tel (212) 687-3000

9

MILTON D. OTTENSOSER

PLEASE take notice that the within is a (*certified*)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.

### MILTON D. OTTENSOSER

*Attorney for*

*Office and Post Office Address*
275 MADISON AVENUE 10TH FL.
NEW YORK, NEW YORK 10016

To

Attorney(s) for

---

**NOTICE OF SETTLEMENT**

PLEASE take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

on
at          M.
Dated,

Yours, etc.

### MILTON D. OTTENSOSER

*Attorney for*

*Office and Post Office Address*
275 MADISON AVENUE 10TH FL.
NEW YORK, NEW YORK 10016

To

Attorney(s) for

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

SAMSUNG C&T AMERICA, INC.,

Plaintiff,

-against-

MARGOLIN SHOES, INC.,

Defendant.

---

DEFENDANT'S FIRST SET OF INTERROGATORIES

---

Signature (Rule 130-1.1-a)

---

Print name beneath

---

### MILTON D. OTTENSOSER

*Attorney for*          Defendant

*Office and Post Office Address, Telephone*
275 MADISON AVENUE 10TH FL.
NEW YORK, NEW YORK 10016
(212) 481-7500

---

To

Attorney(s) for

---

Service of a copy of the within is hereby admitted.
Dated

.................................................................................

Attorney(s) for

---

1500 – **Blumberg**Excelsior Inc., NYC 10013